applts. (Supreme Court, Appellate Division, Third Department. May 11, 1916.) Motion denied.

---

John F. CALLAHAN, respondent, v. The CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. March 31, 1916.) Judgment and order reversed and new trial granted, costs to abide the event. The plaintiff sued upon two causes of action, namely, false arrest and malicious prosecution. He recovered a general verdict. Although the evidence was sufficient to uphold a verdict upon the first cause inasmuch as it justified the conclusion that defendant through its officer or officers personally participated in the arrest by direct act or personal procurement, and therefore the defendant could be held liable unless it established justification (Schultz v. Greenwood Cemetery, 190 N. Y. 278, 83 N. E. 41; Farman v. Feeley, 56 N. Y. 453), there must be a new trial, inasmuch as, upon the second cause of action, the plaintiff, with the burden to prove want of probable cause and malice (Schultz v. Greenwood Cemetery, supra; Rawson v. Leggett, 184 N. Y. 504, 77 N. E. 662), failed to establish that cause of action by a fair preponderance of credible proof (Schultz v. Greenwood Cemetery, supra; Newell on Malicious Prosecution, p. 290). It was essential that he should establish both want of probable cause and malice. Conner v. Wetmore, 110 App. Div. 440, 96 N. Y. Supp. 999. Jenks, P. J., and Stapleton, Mills, Rich, and Putnam, JJ., concur.

---

William S. CALNAN v. Emory M. COFFIN. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Application denied with $10 costs. Order signed.

---

Mary CANEPARI, as admx., Respt., v. BERNHEIMER & SCHWARTZ PILSENER BREWING CO., Applt. (Supreme Court, Appellate Division, First Department. April 20, 1916.) Judgment and order reversed and new trial ordered with costs to appellant to abide event, unless plaintiff stipulates to reduce verdict to $18,000; in which event, judgment as so modified and order affirmed without costs. No opinion. Settle order on notice.

---

In the matter of the petition of Emma O. CARPENTER and John Allen, respondents, to require George E. Green, as State Commissioner of Excise, respondent, and John Dannecker, appellant, to show cause why liquor tax certificate No. 18097 should not be revoked, etc. (Supreme Court, Appellate Division, Second Department. May 5, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Stapleton, Mills, Rich, and Putnam, JJ., concur.

---

In the Matter of James W. CARPENTER, an Attorney. (Supreme Court, Appellate Division, Second Department. May 5, 1916.) Motion granted, and application referred to Hon. Josiah T. Marean as official referee, to hear and report as to the two charges and the specifications thereof contained in the paragraphs of the petition marked third to tenth inclusively. The remaining specifications in the petition are dismissed, and a direction to that effect should be incorporated in the final order. Settle order before Mr. Justice Stapleton.

---

Clinton S. CARR, as trustee in bankruptcy, etc., of George R. Dixon, respt., v. George R. DIXON and Harriet Fitch, applts., impleaded with others. (Supreme Court, Appellate Division, Fourth Department. March 8, 1916.) Motion granted, and appeal dismissed with costs.

---

Giuseppe CATERINO, Admr., Applt., v. THIRD AVENUE R. CO., Respt. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Order affirmed with $10 costs and disbursements. No opinion. Order filed.

---

Matter of Robert S. CHAPIN v. Marcus M. MARKS and ano. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Motion denied with $10 costs. Order filed.

---

Effie H. CHAPMAN, respt., v. GENESEE REDUCTION CO., applt. (Supreme Court, Appellate Division, Fourth Department. March 22, 1916.) Judgment and order reversed and new trial granted, with costs to appellant to abide event, upon the ground that the plaintiff failed to prove by the weight of the evidence that garbage was spilled upon the walk or that she was in the exercise of due care. All concur, except Kruse, P. J., and Foote, J., who dissent.

---

Harry CHESTNUT, appellant, v. NEW YORK CONSOLIDATED RAILROAD COMPANY, respondent. (Supreme Court, Appellate Division, Second Department. March 31, 1916.) On reargument, judgment and order reversed and new trial granted, costs to abide the event. As a train sign falling from defendant's elevated structure struck plaintiff, his complaint should not be held to tie him down to proving affirmatively that the train had jarred it off the hooks. Plaintiff obviously did not know, and did not allege just how the sign became detached and fell into Myrtle Avenue. He charged a fastening not sufficient to prevent the sign from being jarred off. Being thus injured while lawfully on a public street, his allegation of a common ordinary hook did not require him to show, or the jury to find, that the sign fell by reason of the jar and vibration of the passing train. Hence plaintiff's exception at folio 184 was well taken. Jenks, P. J., and Thomas, Stapleton, and Putnam, JJ., concur. Carr, J., not voting.

---

CHRISTIAN WEYAND BREWING CO., respt., v. Ellen J. McGUIRE, applt. (Supreme Court, Appellate Division, Fourth Department. March 22, 1916.) Judgment affirmed with costs. All concur.

---

Freeman A. CHURCH, respt., v. Ellis A. GRIFFITH, impleaded, etc., applt. (Supreme Court, Appellate Division, Fourth Department. March 29, 1916.) Order affirmed with $10 costs and disbursements. All concur.